# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 21-0554V

|  |  |
|---|---|
| LAURA BIANCO,<br><br>  Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>  Respondent. | Chief Special Master Corcoran<br><br>Filed: January 24, 2025 |

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Bridget Corridon*, U.S. Department of Justice, Washington, DC, for Respondent.

**RULING ON ENTITLEMENT AND DECISION AWARDING DAMAGES**[1]

On January 11, 2021, Laura Bianco filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered to her on September 14, 2020. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters. Because the parties could not settle the matter, they were ordered to file briefs addressing whether Petitioner has established a Table case,

---

[1] Because this Ruling and Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

and setting forth their respective arguments on damages should I find entitlement in favor of Petitioner. The parties were subsequently notified that I would resolve this dispute via an expedited "Motions Day" hearing, which ultimately took place on January 24, 2025

Petitioner argues she has established a Table SIRVA, and seeks an award of **$62,500.00** in compensation for Petitioner's actual pain and suffering and **$411.93** for unreimbursed expenses. Respondent disputes that Petitioner has established a Table SIRVA injury. Specifically, Respondent argues Petitioner failed to provide preponderant evidence that the onset of her shoulder pain occurred within 48 hours after her flu vaccination. If I find that Petitioner has established a Table case, Respondent recommends an award of **$25,000.00** for Petitioner's pain and suffering and **$336.05** for her unreimbursed expenses**.**

After considering the arguments of both sides, I issued an oral ruling on entitlement and damages constituting my findings of fact and conclusions of law, pursuant to Section 12(d)(3)(A). An official recording of the proceeding was taken by a court reporter, although a transcript has not yet been filed in this matter. I hereby fully adopt and incorporate that oral ruling as officially recorded. In another recent decision I discussed at length the legal standards to be considered in determining entitlement and damages and prior SIRVA compensation within SPU. I incorporate herein my prior discussion in Sections III (A) and IV (A) and (B) of *Tully v. Sec'y of Health & Hum. Servs.*, No. 21-1998V, 2024 WL 4533515, at *6-8; 10-13 (Fed. Cl. Spec. Mstr. Sept. 20, 2024) to the instant Ruling and Decision. Additionally, the official recording of my oral ruling includes my discussion of various comparable cases as well as specific facts relating to Petitioner's medical history and experience that further informed my resolution of this matter.

Based on my consideration of the complete record as a whole, and for the reasons discussed in my oral ruling, pursuant to Section 12(d)(3)(A) of the Vaccine Act I find that Petitioner has established that she suffered the onset of pain within 48 hours of vaccination, and that all other SIRVA Table requirements were met (*see* 42 C.F.R. §§ 100.3(a)(XIV)(B) and 100.3(c)(10)). Additionally, Petitioner has established other elements of a claim under Section 11(c), *i.e.,* receipt of a covered vaccine, residual effects of injury lasting six months, etc. *See generally* § 11(c)(1)(A)(B)(D)(E).

I therefore find that Petitioner is entitled to compensation in this case, and that **$55,000.00** represents a fair and appropriate amount of compensation for Petitioner's actual pain and suffering.[3] I also find that Petitioner is entitled to **$411.93** in actual unreimbursable expenses.

---

[3] Since this amount is being awarded for actual, rather than projected, pain and suffering, no reduction to net present value is required. *See* Section 15(f)(4)(A); *Childers v. Sec'y of Health & Hum. Servs.*, No. 96-

Accordingly, **I award Petitioner a lump sum payment of $55,411.93 (comprised of $55,000.00 in pain and suffering and $411.93 in actual unreimbursable expenses)** to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement. This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

0194V, 1999 WL 159844, at *1 (Fed. Cl. Spec. Mstr. Mar. 5, 1999) (citing *Youngblood v. Sec'y of Health & Hum. Servs.*, 32 F.3d 552 (Fed. Cir. 1994)).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.